

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAP: AEL
F.#2012R00780

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 18, 2012

The Honorable Joan Azrack
U.S. District Court Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  In the Matter of the Extradition
            of Alex Suyanoff 12-M-462

Dear Judge Azrack:

      This letter is submitted in response to defense counsel's letter, dated July 16, 2012, requesting the defendant's release on July 20, 2012 due to Brazil's alleged non-compliance with its Treaty obligations. Specifically, defense counsel ("Counsel") claims Brazil has not provided the formal extradition request and supporting documentation to the United States within the requisite 60-day time period. As detailed below, Counsel's interpretation of the Treaty requirement is incorrect.

      As background, on May 10, 2012 Magistrate Judge Lois Bloom signed a provisional arrest warrant for the defendant for being a fugitive from a foreign country found in the United States in violation of Title 18, United States Code, Section 3184. On May 21, 2012, the defendant was arrested pursuant to this warrant. On that date, the Court issued a permanent order of detention and scheduled an extradition hearing for May 30, 2012. The hearing was adjourned on request of defense on two separate occasions. We are now scheduled to appear before the Court on July 19, 2012. On July 17, 2012, Brazil filed formal extradition papers with the Department of State. The government is currently awaiting receipt of the extradition papers from the Department of State.

**I.   Defendant's Request for Release Pursuant to Article IX of the U.S. Extradition Treaty with Brazil Should Be Denied**

      Counsel improperly construes Article IX of the U.S. Extradition Treaty with Brazil to require the defendant's release because the parties have not received Brazil's formal extradition

request and supporting documentation. See Defense Letter at ¶ 5; 15 U.S.T. 2039 (June 18, 2962) at Article IX. Article IX requires the request for extradition to be made through "diplomatic channels." It does not require this formal request and supporting documentation to be delivered directly to the Court. Id; See also United States v. Olga Patricia Cancino-Perez, Relator, 151 F.R.D. 521 (September 3, 1993 E.D.N.Y.)(the date that documentation is received by the American Embassy, rather than the date of such submission to the court, is the only relevant date for purposes of determining compliance with documentation requirements under extradition treaties).

Courts addressing similar provisions in other extradition treaties have held that only the submission of a formal request by the demanding country to the United States Government, and not the subsequent filing of that request with the court, must occur during the time period specified in the treaty. In the Matter of the Extradition of Jose Germano Neto, 1998 U.S. Dist. LEXIS 19918 (December 21, 1998 S.D.N.Y.); See also Bozilov v. Seifert, 983 F.2d 140,143-144 (9th Cir. 1993)(holding the sixty-day time period delineated in the extradition treaty between Germany and the United States required only that extradition requests be received by an "authorized diplomatic authority" within that time period); See also United States v. Clark, 470 F. Supp. 976, 979 (D.Vt. 1979)(holding that even though extradition documents were not filed with the court until fifty-seven days after relator's arrest, Canada's delivery of the extradition request documents to the Department of Justice within forty-five days satisfied the treaty's requirements).

As noted above, in the present case, Brazil submitted a formal extradition request on July 17, 2012, with the required supporting documentation, to the Department of State within the sixty-day time period proscribed by the Treaty. Therefore, Brazil has met its obligations under the Treaty and the defendant's request for release should be denied.

## II. Conclusion

For the foregoing reasons, the government respectfully requests that the defendant's request for release on July 20,

2

2012 be denied and that the defendant remained detained until completion of the extradition process.

Dated: July 18, 2012

                    Respectfully submitted,

                    LORETTA E. LYNCH
                    United States Attorney
By:

                      /s/
                    Amy E. Larson
                    Special Assistant United States Attorney
                    (718)254-7577

cc:  Clerk of the Court (via ECF)
     Michael S. Washor, Esq.