

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EJK:AEL                                    *271 Cadman Plaza East*
F.#2012R00780                              *Brooklyn, New York 11201*

August 13, 2012

The Honorable Joan Azrack
U.S. District Court Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: In the Matter of the Extradition
      of Alex Suyanoff 12-M-462

Dear Judge Azrack:

   The United States submits this letter in response to a memorandum of law submitted by counsel for the Petitioner Alex Suyanoff ("Petitioner") dated August 6, 2012.

**I. BACKGROUND**

   In this matter, the United States acts on behalf of the Brazilian government in accordance with United States' treaty obligations.  Brazil has submitted a formal request for Suyanoff's arrest, extradition and surrender, supported by the appropriate documents, to the United States Department of State.[1] The Petitioner is wanted by Brazil to finish serving his twelve-year sentence for trafficking and manufacturing illicit narcotics and conspiracy to distribute narcotics, offenses that correspond

---

   [1] On July 18, 2012, the government filed with the Court the formal request for extradition with the relevant supporting documentation and provided a copy to defense counsel.

to possession of a controlled substance with intent to distribute and conspiracy to possess a controlled substance with the intent to distribute under United States law.  See 21 U.S.C. §§ 841 and 846).  On April 18, 2004, the Petitioner was convicted by the 30th Criminal Court in Brasilia, Brazil, of one count of conspiracy to traffic narcotics and one count of narcotics trafficking in violation of Articles 12 and 14 of the Brazilian Penal Code.  The Petitioner was subsequently sentenced to 16 years of imprisonment.  He appealed his sentence, and his term of imprisonment was reduced to 12 years.  On August 10, 2006, his sentence was reaffirmed.  On July 8, 2007, the Petitioner escaped from prison in Brazil after serving 3 years, 9 months and 10 days of his sentence.  The Petitioner's remaining time to be served is 8 years, 2 months and 20 days.

On May 10, 2012, Magistrate Judge Lois Bloom signed a provisional arrest warrant for the Petitioner for being a fugitive from a foreign country found in the United States in violation of Title 18, United States Code, Section 3184.  See 15 U.S.T. 2039 (June 18, 1962).  On May 21, 2012, the Petitioner was arrested pursuant to this warrant.  On that date, the Court issued a permanent order of detention and scheduled an extradition hearing for May 30, 2012.  The hearing was adjourned on request of counsel for the Petitioner on two separate occasions.  On July 19, 2012, this Court denied a request for the

Petitioner's release, ruling that the government of Brazil fulfilled the requirements of the Extradition Treaty with the United States, by filing a formal request for extradition through diplomatic channels within sixty days from the date of the provisional arrest.  On July 26, 2012, the Court held a status conference via telephone with the parties and directed counsel for the Petitioner to submit any briefings by August 6, 2012. The government was directed to respond by August 13, 2012.  If the Court deems it necessary, any hearing based upon Brazil's formal request for extradition will proceed on August 20, 2012 at 10:00 a.m.

In his memorandum of law submitted on August 6, 2012, the Petitioner requests an evidentiary hearing to present evidence establishing 1) that he was not afforded due process at his trial and appeal therefrom; 2) that his constitutional rights as a United States citizen were abridged and violated during his trial in Brazil; 3) that his trial was tantamount to a trial in absentia; 4) that the totality of these alleged constitutional violations resulted in a denial of due process; 5) that he was not treated humanely while serving his jail sentence in Brazil; and 6) that there is no reasonable expectation that he will be treated humanely if returned to Brazilian custody.  See Petitioner's Memorandum of Law, page 15.  For the reasons discussed below, this Court should deny the Petitioner's request

3

for an evidentiary hearing because such a hearing would be improper under the law governing extradition certification hearings conducted pursuant to 18 U.S.C. § 3184.

## II.     THE ROLE OF THE EXTRADITION JUDGE IS LIMITED

Title 18, United States Code, Section 3814 directs this Court to hold a hearing to consider the evidence of criminality presented by Brazil and to determine whether it is "sufficient to sustain the charge under the provisions of the proper treaty or convention." See 18 U.S.C. § 3184.  If the Court finds the evidence sufficient, it must "certify the same" to the Secretary of State, who decides whether to surrender the fugitive "according to the treaty." Id.[2]  Extradition is primarily an executive responsibility with a specially defined role for a judicial officer.  Thus, the Secretary of State, and not the court, makes the decision regarding whether the fugitive should be surrendered to the requesting country.  18 U.S.C. §§ 3184, 3186; Lo Duca v. United States, 93 F.3d 1100, 1110 n.10 (2d Cir. 1996); Martin v. Warden, Atlanta Penitentiary, 993 F.2d 824, 828 (11th Cir. 1993).  The Executive Branch remains primarily

---

[2]     After the Court has completed its "limited inquiry, the Secretary of State conducts an independent review of the case to determine whether to issue a warrant of surrender." Martin v. Warden, Atlanta Penitentiary, 993 F.2d 824, 829 (11th Cir. 1993). "The Secretary exercises broad discretion and may properly consider myriad factors affecting both the individual defendant as well as foreign relations, which the extradition magistrate may not." Id.

responsible for extradition, while the extradition judge is
assigned the limited duty of determining the sufficiency of the
request under the applicable treaty provisions.  Martin v.
Warden, Atlanta Penitentiary, 993 F.2d 821, 828-29 (11th Cir.
1993).  This judicial function is carried out by conducting the
hearing pursuant to 18 U.S.C. § 3184.

At the hearing, the court should consider the evidence
presented on behalf of the requesting country and determine
whether the legal requirements for certification, as defined in
the treaty, statutes and case law, have been established.  See
infra.  If any explanatory evidence is offered by the fugitive,
the court rules on its admissibility.  Once the evidentiary
record is complete, the court should make written findings of
fact and conclusions of law as to each of the elements for
certification, including separate findings for each offense as to
which extradition is sought.  Shapiro v. Ferrandina, 478 F.2d 894
(2d Cir. 1973), cert. dismissed, 414 U.S. 884 (1973).  If the
court certifies the evidence to the Secretary of State, the court
must commit the fugitive to the custody of the United States
Marshal to await the further determination by the Secretary
regarding surrender to the representatives of the requesting
state.  The court provides its certification to the Secretary of
State together with a copy of the evidence and a transcript of
any testimony presented at the hearing.  18 U.S.C. § 3184; see

5

Skaftouros v. United States, 667 F.3d 144 (2d Cir. 2011); Cheung v. United States, 213 F.3d 82, 88 (2d Cir. 2000).

In fulfilling its function under Section 3184, the judicial officer should liberally construe the applicable extradition treaty in order to effect its purpose, namely, the surrender of fugitives to the requesting country.  Valentine v. United States ex rel. Neidecker, 299 U.S. 5, 14 (1936); Factor v. Laubenheimer, 290 U.S. 276, 301 (1933).  As the Supreme Court has instructed,

> [i]n choosing between conflicting interpretations of a treaty obligation, a narrow and restricted construction is to be avoided as not consonant with the principles deemed controlling in the interpretation of international agreements.  Considerations which should govern the diplomatic relations between nations, and the good faith of treaties, as well, require that their obligations should be liberally construed so as to effect the apparent intention of the parties to secure equality and reciprocity between them.  For that reason, if a treaty fairly admits of two constructions, one restricting the rights which may be claimed under it, and the other enlarging it, the more liberal construction is to be preferred.

Factor v. Laubenheimer, 290 U.S. 276, 293-94 (1933).

The petitioner in this case has requested an evidentiary hearing to present evidence about the fairness of his trial in Brazil and the conditions of his incarceration there.  See Petitioner's Memorandum of Law, page 15.  Courts have routinely held that requests like the Petitioner's concern

6

matters not appropriate for consideration by the certifying judicial officer.   This country does not expect foreign governments to be versed in our criminal laws and procedures. Grin v. Shine, 187 U.S. 181, 184 (1902).  Nor is it the business of our courts to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation. Jhirad v. United States, 536 F.2d 478, 484-85 (2d Cir. 1976). Assuming that responsibility directly conflicts with the principle of comity upon which extradition is based.   Factor v. Laubenheimer, 290 U.S. 276 (1993); see also Ahmad v. Wigen, 910 F.2d 1063, 1067 (2d Cir. 1990)(stating the interests of international comity are ill-served by requiring a foreign nation to satisfy a United States district judge concerning the fairness of its laws and the manner in which they are enforced); United States v. Lui Kin-Hong, 110 F.3d 103, 110 (1st Cir. 1997) (holding that "it is not that questions about what awaits the relator in the requesting country are irrelevant to extradition; it is that there is another branch of government, which has both final say and greater discretion in these proceedings, to whom these questions are more properly addressed").  See also Prasoprat v. Benov, 421 F.3d 1009, 1016 (9th Cir. 2005), cert. denied, 546 U.S. 1171 (2006); Blaxland v. Commonwealth Director, 323 F.3d 1198, 1208 (9th Cir. 2003).

Furthermore, Petitioner's assertion that he is entitled to an evidentiary hearing in which he will introduce evidence to demonstrate that he has been abused and treated unfairly and inhumanely, or that such treatment awaits him upon his return to Brazil, is also squarely contradicted by the weight of authority on this issue.  Other than the sufficiency of the evidence, all matters that may be raised by the fugitive as defenses to extradition are to be considered by the Secretary of State, not by this Court.  See 18 U.S.C. §§ 3184 and 3186.  In making extradition determinations, "[t]he Secretary exercises broad discretion and may properly consider factors affecting both the individual defendant as well as foreign relations - factors that may be beyond the scope of the magistrate judge's review." Sidali v. I.N.S., 107 F.3d 191, 195 n.7 (3d Cir. 1997), cert. denied, 522 U.S. 1089 (1998).  The Secretary takes into account humanitarian claims and applicable statutes, treaties, or policies regarding appropriate treatment in the receiving country.  Ntakirutimana v. Reno, 184 F.3d 419, 430 (5th Cir. 1999), cert. denied, 528 U.S. 1135 (2000).  This is consistent with the long-held understanding that surrender of a fugitive to a foreign government is "purely a national act . . . performed through the Secretary of State," within the Executive's "powers to conduct foreign affairs."  In re Kaine, 55 U.S. 103, 110 (1852).

Therefore, under this constitutionally-based rule of judicial non-inquiry, a fugitive's contention that the justice system of the requesting state is unfair should be addressed by the Secretary of State.  Similarly, the Secretary of State has sole discretion under 18 U.S.C. § 3186 and the relevant treaty to determine whether a request for extradition should be denied on humanitarian grounds because of procedures or treatment awaiting the surrendered fugitive.  See Gallina v. Fraser, 278 F.2d 77, 79 (2d Cir. 1960)(the conditions under which a fugitive is to be surrendered to a foreign country are to be determined by the non-judicial branches of the Government).  In fact, the degree of risk to an individual's life from extradition is an issue that properly falls within the purview of the executive branch. Sindona v. Grant, 619 F.2d 167, 174 (2d Cir. 1980).

In support of his request for an evidentiary hearing, defense counsel has attached to his memorandum of law several affidavits regarding Brazil's criminal procedure and its treatment of prisoners.  The Second Circuit has clearly ruled that allowing such testimony during an extradition certification hearing is improper.  The Court of Appeals noted in Ahmad v. Wigen that:

> the district court proceeded to take testimony
> from both expert and fact witnesses and received
> extensive reports, affidavits, and other
> documentation concerning Israel's law enforcement
> procedures and its treatment of prisoners. This,
> we think, was improper.  The interests of

> international comity are ill-served by requiring a foreign nation . . . to satisfy a United States district judge concerning the fairness of its laws and the manner in which they are enforced.  It is the function of the Secretary of State to determine whether extradition should be denied on humanitarian grounds.  So far as we know, the Secretary never has directed extradition in the face of proof that the extraditee would be subjected to procedures or punishment antipathetic to a federal court's sense of decency.  Indeed, it is difficult to conceive of a situation in which a Secretary of State would do so.

910 F.2d 1063, 1067 (2d Cir. 1990); accord Martin v. Warden, Atalanta Penitentiary, 993 F.2d 824, 830 (11th Cir. 1993) (humanitarian consideration are matters properly reviewed by the Department of State).  Therefore, this Court should deny the Petitioner's request for an evidentiary hearing and proceed with an extradition certification hearing pursuant to Title 18, United States Code, Section 3184.

## III.  EXTRADITION IS SUI GENERIS AND FOLLOWS UNIQUE PROCEDURES

### A.  An Extradition Hearing Is Not a Criminal Proceeding

The extradition hearing prescribed by 18 U.S.C. § 3184 is unique in nature.  See Martin v. Warden, Atlanta Penitentiary, 993 F.2d 824, 828 (11th Cir. 1993); Jhirad v. Ferrandina, 536 F.2d 478, 482 (2d Cir. 1976), cert. denied, 429 U.S. 833 (1976). As described in Jhirad, an extradition hearing is sui generis, meaning its own type of case, with its structure and process defined by statute and treaty.  Id.  An extradition hearing is

10

not a criminal proceeding; its purpose is to decide the
sufficiency of the charge under the treaty, not guilt or
innocence.  Neely v. Henkel, 180 U.S. 109, 123 (1901); Benson v.
McMahon, 127 U.S. 457, 463 (1888); Simmons v. Braun, 627 F.2d
635, 636 (2d Cir. 1980).  The limited nature of the hearing has
resulted in special procedural and evidentiary rules that apply.
For example, the person whose extradition is sought is not
entitled to the rights available in a criminal trial.  Neely v.
Henkel, 180 U.S. 109, 122 (1901) (rights available to one charged
with criminal offense in this country not applicable to offenses
committed outside the United States against the laws of another
country); accord Charlton v. Kelly, 229 U.S. 447, 461 (1913);
United States ex rel Ruach v. Stockinger, 269 F.2d 681, 687 (2d
Cir. 1959) ("It is not our duty on this appeal to order the
relator's release merely because we do not find on this appeal
'all the factitious niceties of a common trial at common law.'");
Murphy v. United States, 199 F.3d 599, 603 (2d Cir. 1999) (rights
and remedies clause in an extradition treaty do not entitle the
fugitive to broad constitutional protections).  The purpose of an
extradition hearing under § 3184 is not to try the underlying
charge.  That is for the foreign court.  Neely v. Henkel, 180
U.S. at 123.

      The Federal Rules of Criminal Procedure do not apply to
extradition proceedings.  Rule 1(a)(5) states:  "These rules are

not applicable to extradition and rendition of fugitives."  The
Federal Rules of Evidence are also inapplicable.  Rule 1101(d)(3)
provides:  "The rules (other than with respect to privileges) do
not apply  .  .  .  [to p]roceedings for extradition or
rendition." See Afanasjev v. Hurlburt, 418 F.3d 1159, 1164-65
(11th Cir. 2005), cert. denied, 546 U.S. 993 (2005); Melia v.
United States, 667 F.2d 300 (2d Cir. 1981); In re Matus, 784 F.
Supp. 1052, 1058 (S.D.N.Y. 1992) (federal rules of evidence are
not applicable in extradition proceedings). Moreover, the
fugitive has no right to discovery.  Messina v. United States,
728 F.2d 77, 80 (2d Cir. 1984); Prasoprat v. Benov, 421 F.3d
1009, 1014 (9th Cir. 2005), cert. denied, 546 U.S. 1171 (2006);
Koskotas v. Roche, 931 F.2d 169, 175 (1st Cir. 1991).  He has no
right to cross examine witnesses who might testify at the
hearing, Oen Yin-Choy v. Robinson, 858 F.2d 1400, 1407 (9th Cir.
1988), cert. denied, 490 U.S. 1106 (1989); Messina v. United
States, 728 F.2d 77, 80 (2d Cir. 1984);  his right to present
evidence is severely limited, Messina v. United States, 728 F.2d
77, 80 (2d Cir. 1984); there is no Sixth Amendment right to a
speedy trial, Jhirad v. Ferrandina, 536 F.2d 478 n.9 (2d Cir.
1976), cert. denied, 429 U.S. 833 (1976); Yapp v. Reno, 26 F.3d
1562, 1565 (11th Cir. 1994); the Fifth Amendment guarantee
against double jeopardy does not apply to successive extradition
proceedings, Collins v. Loisel, 262 U.S. 426, 429 (1923); Matter

12

of Extradition of McMullen, 989 F.2d 603, 612-13 (2d Cir. 1993),

cert. denied, 510 U.S. 913 (1993); the exclusionary rule is not

applicable, Simmons v. Braun, 627 F.2d 635, 636-37 (2d Cir.

1980); Romeo v. Roache, 820 F.2d 540, 545 (1st Cir. 1987); and

the defendant does not have the right to confront his accusers,

Bingham v. Bradley, 241 U.S. 511, 517 (1916).

### B.   Extradition Hearings Rely on Written Submissions and Do Not Require Live Witnesses

A certification of extradition may be and typically is

based entirely on the authenticated documentary evidence and

information provided by the requesting government. See, e.g.,

Bovio v. United States, 989 F.2d 255, 259-61 (7th Cir. 1993)

(Swedish investigator's statement sufficient to establish

probable cause); Eain v. Wilkes, 641 F.2d 504, 509-11 (7th Cir.

1981), cert. denied, 454 U.S. 894 (1981) (sworn statement of

cooperator, corroborated by police officer affidavit and

affidavit of second civilian witness sufficient); O'Brien v.

Rozman, 554 F.2d 780, 783 (6th Cir. 1977); Shapiro v. Ferrandina,

478 F.2d 894, 902-03 (2d Cir. 1973), cert. dismissed, 414 U.S.

884 (1973).  The finding may also be based upon written

statements by the foreign prosecutor or judge summarizing the

evidence.  Rice v. Ames, 180 U.S. 371, 375-76 (1901); accord

Glucksman v. Henkel, 221 U.S. 508, 513-14 (1911).

Extradition treaties do not require or even anticipate the testimony of live witnesses[3] at the hearing because to do so "would defeat the whole object of the treaty." Yordi v. Nolte, 215 U.S. 227, 231 (1909); see also Bingham v. Bradley, 241 U.S. 511, 517 (1916); Afanasjev v. Hurlburt, 418 F.3d 1159, 1163-65 (11th Cir. 2005), cert. denied, 546 U.S. 993 (2005); Artukovic v. Rison, 784 F.2d 1354, 1356 (9th Cir. 1986); Shapiro v. Ferrandina, 478 F.2d 894, 902 (2d Cir. 1973), cert. dismissed, 414 U.S. 884 (1973). Hearsay evidence is admissible at extradition hearings and fully supports the court's findings leading to a certification under Section 3184. Collins v. Loisel, 259 U.S. 309, 317 (1922); Melia v. United States, 667 F.2d 300, 302 (2d Cir. 1981).

The federal statute and the applicable treaty govern both the nature of and the admissibility of the evidence at an extradition hearing. The treaty applicable in this case lists at Article IX the required submissions by the Government of Brazil. In the case of a person who has been convicted of the crime or offenses for which his extradition is sought, the treaty requires a duly certified or authenticated copy of the final sentence of the competent court. See 15 U.S.T. 2039 (June 18, 1962). Such a

---

[3] No United States extradition treaties, even those most recently negotiated, specifically address live witnesses. The Extradition Treaty between the United States and Brazil refers only to the submission of documents. See 15 U.S.T. 2093 at Articles IX and XII.

14

document has been provided here - a duly certified copy of the
final sentence of the Sixth Criminal Chamber of the Court of
Justice of Rio de Janeiro was included in the supporting
documentation filed with the Court on July 18, 2012.
Furthermore, Title 18, United States Code, Section 3190 provides
that "properly and legally authenticated" documentary evidence
including "[d]epositions, warrants, or other papers or copies
thereof offered in evidence upon the hearing of any extradition
case shall be received and admitted as evidence."  See 18 U.S.C.
§ 3190.[4]  See Afanasjev v. Hurlburt, 418 F.3d 1159, 1164 (11th
Cir. 2005), cert. denied, 546 U.S. 993 (2005); see also Collins
v. Loisel, 259 U.S. 309, 313 (1922).  Proof that the
authentication is proper and legal exists if the documents are
accompanied by the certificate of an appropriate U.S. diplomatic
or consular officer in the requesting country attesting that the
documents would be admissible for similar purposes in that
country.  See 18 U.S.C. § 3190.  In the present case, the
documents filed with the Court on July 18, 2012 and provided to

---

[4] "Depositions, warrants or other papers or copies thereof
offered in evidence upon a hearing of any extradition case shall
be received and admitted as evidence on such hearing for all
purposes of such hearing if they shall be properly and legally
authenticated so as to entitle them to be received for similar
purposes by the tribunals of the foreign country from which the
accused party shall have escaped, and the certificate of the
principal diplomatic or consular officer of the United States
resident in such foreign country shall be proof that the same, so
offered, are authenticated in the manner required." 18 U.S.C. §
3190.

defense were accompanied by a certification from Donald Jacobson, Consul General to the United States of America at Brasilia, Brazil, attesting to the authenticity of the foreign official's signature.  The formal request for extradition, along with the supporting documents filed with the Court on July 18, 2012, are therefore sufficient for this Court to certify the Petitioner's extradition pursuant to Title 18, United States Code, Section 3184.

### C.   The Fugitive's Evidence Is Very Limited, As In a Preliminary Hearing

Due to the nature and limited purpose of an extradition hearing under Title 18, United States Code, Section 3184, and the importance of the international obligations of the United States under an extradition treaty, a fugitive's opportunity to challenge the evidence introduced against him is very circumscribed.   A fugitive may not introduce evidence that contradicts the evidence submitted on behalf of the requesting country, but may introduce evidence explaining the submitted evidence. Sandhu v. Burke, No. 97 Civ. 4608 (JGK), 2000 WL 191707, at *5-6 (S.D.N.Y. Feb. 10, 2000) (extradition judge will define the boundary line between contradictory and explanatory evidence).   "Generally, evidence that explains away or completely obliterates probable cause is the only evidence admissible at an extradition hearing, whereas evidence that merely controverts the existence of probable cause, or raises a defense, is not

admissible." <u>Shapiro v. Ferrandina</u>, 478 F.2d 894, 905 (2d. Cir. 1973), <u>cert. dismissed</u>, 414 U.S. 884 (1973); <u>United States ex rel Petrushansky v. Marasco</u>, 325 F.2d 562, 567 (2d Cir. 1963), <u>cert. denied</u>, 376 U.S. 952 (1964); <u>Barapind v. Enomoto</u>, 400 F.3d 744, 749 (9th Cir. 2005)(en banc)(quoting <u>Mainero v. Gregg</u>, 164 F.3d 1199, 1207, n.7 (9th Cir. 1999)); <u>see also</u> <u>Ordinola v. Hackman</u>, 478 F.3d 588, 608-09 (4th Cir. 2007), <u>cert. denied</u>, 128 S.Ct. 373 (2007); <u>Hoxha v. Levi</u>, 465 F.3d 554, 561 (3d Cir. 2006).

The Supreme Court in <u>Collins v. Loisel</u>, 259 U.S. 309 (1922), quoted with approval the district court's reasoning in <u>In re Wadge</u>, 15 F. 864, 866 (S.D.N.Y. 1883), elucidating why the scope of an extradition hearing is very limited.  In <u>In re Wadge</u>, the district court rejected the argument that a fugitive should be given an extensive hearing in the extradition proceedings:

> If this were recognized as the legal right of the accused in extradition proceedings, it would give him the option of insisting upon a full hearing and trial of his case here; and that might compel the demanding government to produce all its evidence here, both direct and rebutting, in order to meet the defense thus gathered from every quarter.  The result would be that the foreign government though entitled by the terms of the treaty to the extradition of the accused for the purpose of a trial where the crime was committed, would be compelled to go into a full trial on the merits in a foreign country, under all the disadvantages of such a situation, and could not obtain extradition until after it had procured a conviction of the accused upon a full and substantial trial here.  This would be in plain contravention of the intent and meaning of the extradition treaties.

Collins v. Loisel, 259 U.S. 309 at 316 (quoting In re Wadge, 15
F. at 866); accord Charleton v. Kelly, 229 U.S. 447, 461 (1913).

  The extent to which the fugitive may offer explanatory
proof is largely within the discretion of the committing judicial
officer.  Koskotas v. Roche, 931 F.2d 169, 175 (1st Cir. 1991);
Hooker v. Klein, 573 F.2d 1360, 1369 (9th Cir.), cert. denied,
439 U.S. 932 (1978); United States ex rel Petrushansky v.
Marasco, 325 F.2d 562, 567 (2d Cir. 1963), cert. denied, 376 U.S.
952 (1964)(and cases cited therein).  The category of explanatory
evidence is not large in light of the limited purpose of the
hearing, i.e., to determine the sufficiency of the evidence to
sustain the charge, and the overarching goal of the proceeding,
which is to effectuate the purposes of the treaty.  The
extradition hearing excludes evidence that requires the court to
make determinations outside of the scope of the hearing or within
the province of the ultimate trier of fact, particularly when
those determinations rest on foreign law.  Such evidence exceeds
the limits of "explanatory" or "obliterating" evidence and is not
properly before the court.  In re Solis, 402 F. Supp.2d 1128,
1132 (C.D.CA. 2005).

  In applying the prohibition on considering
"contradictory evidence" and the allowance of "explanatory
evidence" several courts, including courts in this district, have

followed the explanation of these concepts elucidated by the
court in the Matter of Sindona:

> The distinction between "contradictory
> evidence" and "explanatory evidence" is
> difficult to articulate.  However, the
> purpose behind the rule is reasonably clear.
> In admitting "explanatory evidence," the
> intention is to afford an accused person the
> opportunity to present reasonably clear-cut
> proof which would be of limited scope and
> having some reasonable chance of negating a
> showing of probable cause.  The scope of this
> evidence is restricted to what is appropriate
> to an extradition hearing.  The decisions are
> emphatic that the extraditee cannot be
> allowed to turn the extradition hearing into
> a full trial on the merits.

Matter of Sindona, 450 F. Supp. 672, 685 (S.D.N.Y. 1978), aff'd,
619 F.2d 167 (2d Cir. 1980).

In this case, the Petitioner seeks to admit evidence
concerning the circumstances of his trial and incarceration in
Brazil.  This request exceeds his right to present evidence of a
limited scope which could negate a showing of probable cause.  To
grant the Petitioner's request to admit evidence regarding his
trial in Brazil and subsequent conditions during incarceration,
would allow the Peitioner to turn the extradition hearing into a
full trial on the merits.  Such a decision would force the
Government of Brazil to produce additional direct and rebuttal
evidence, which would contravert the meaning and intent of the
U.S. Extradition treaty with Brazil.  Thus, the Petitioner's
request for this expanded hearing should be denied.

## IV.  THE REQUIREMENTS FOR CERTIFICATION ARE WELL-SETTLED AND HAVE BEEN MET HERE

An extradition certification is in order where:  (1) the judicial officer is authorized to conduct the extradition proceeding; (2) the court has jurisdiction over the fugitive; (3) the applicable treaty is in full force and effect; (4) the crimes for which surrender is requested are covered by the applicable treaty; and (5) there is sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought.  Fernandez v. Phillips, 268 U.S. 311, 312 (1925)(cited in Murphy v. United States, 199 F.3d 599, 601 (2d Cir. 1999)); Austin v. Healey, 5 F.3d 598, 600 (2d Cir. 1993), cert. denied, 449 U.S. 1017 (1990); Ahmad v. Wigen, 910 F.2d 1063, 1064 (2d Cir. 1990).

### A.  Authority of the Court Over the Proceedings

The extradition statute authorizes proceedings to be conducted by "any justice or judge of the United States, or any magistrate judge authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State."  Consequently, both magistrate judges and district judges may render a "certification" under Section 3184.  See Austin v. Healey, 5 F.3d 598, 601-02 (2d Cir. 1993) (magistrate had authorization to conduct the extradition hearing without specific delegation of authority), cert. denied, 510 U.S. 1165 (1994); Ward v. Rutherford, 921 F.2d 286, 287 (D.C. Cir. 1990)

20

(both statute and local rule made plain magistrate's authority to conduct extradition hearing).  It is clear that this Court may render a "certification" under Title 18, United States Code Section 3184, and the Petitioner does not contest this Court's authority to do so.

### B.  Jurisdiction Over the Fugitive

It is also well settled that the Court has jurisdiction over a fugitive found within its jurisdictional boundaries.  18 U.S.C. § 3184 (court "may, upon complaint made under oath, charging any person found within his jurisdiction,  .  .  . issue [its] warrant for the apprehension of the person so charged").  See also Pettit v. Walshe, 194 U.S. 205, 219 (1904); Grin v. Shine, 187 U.S. 181 (1902); In re Pazienza, 619 F. Supp. 611 (S.D.N.Y. 1985).  There is no dispute that the Petitioner was found and arrested in the Eastern District of New York.  Therefore, this Court has jurisdiction over this extradition certification hearing.

### C.  Treaty in Full Force and Effect

The extradition statute, 18 U.S.C. § 3184, provides for extradition in instances in which a treaty or convention is in force between the requesting state and the United States.  See, e.g., Cheung v. United States, 213 F.3d 82, 91 (2d Cir. 2000)(treaty between United States and Hong Kong was valid because the term "foreign government" in 18 U.S.C. § 3184

includes sub-sovereign entity); see also In re Chan Kam-Shu, 477
F.2d 333 (5th Cir. 1973), cert. denied, 414 U.S. 847 (1973).  In
the present case, the government has obtained a declaration from
Jason A. Biros, an Attorney-Advisor in the Office of the Legal
Adviser for the Department of State, attesting that there is a
treaty in full force and effect between the United States and
Brazil.  This declaration was filed with the Court on July 18,
2012.  The Department of State's determination is entitled to
deference from the Court.  Terlinden v. Ames, 184 U.S. 270, 288
(1902); Kastnerova v. United States, 365 F.3d 980, 985-87 (11th
Cir. 2004), cert denied, 541 U.S. 1090 (2004); United States ex
rel. Saroop v. Garcia, 109 F.3d 165, 171 (3d Cir. 1997).
Moreover, the Petitioner does not dispute that the treaty is in
effect.

### D.  Crimes Covered by the Treaty

Extradition treaties create an obligation for the
United States to surrender fugitives under the circumstances
defined in the treaty.  Article II of the treaty applicable in
this case provides for the return of fugitives charged with or
convicted of an "extraditable offense" as that term is defined
under the treaty.  The documents submitted by the requesting
state establish that the fugitive has been convicted in Brazil
for the crime of engaging in trafficking and manufacturing of
illicit narcotics and conspiracy to distribute and manufacture

22

narcotics in violation of Articles 12 and 14 of Brazilian Law 6,368.

Article II of the treaty applicable here dictates that persons shall be extradited for prosecution when they have been charged with, or convicted of, one of the specified criminal offenses.  When, as here, the treaty contains a list of extraditable offenses, the court should examine the conduct described in the extradition documents and decide whether it constitutes an offense among those listed in the treaty.  Factor v. Laubenheimer, 290 U.S. 276 (1933).  In determining whether an offense for which extradition is requested is among those listed in the relevant treaty, "a narrow and restricted construction is to be avoided as not consonant with the principles deemed controlling in the interpretation of international agreements. Considerations which should govern the diplomatic relations between nations, and the good faith of treaties, as well, require that their obligations should be liberally construed so as to effect the apparent intention of the parties to secure equality and reciprocity between them.  For that reason, if a treaty fairly admits of two constructions, one restricting the rights which may be claimed under it, and the other enlarging it, the more liberal construction is to be preferred."  Id. at 293-94.

In the present case, there is no dispute that the Petitioner was convicted of extraditables offense as Article II of

the treaty lists crimes or offenses relating to the traffic in, use of, or production or manufature of narcotic drugs or cannabis as extraditable offenses.  The Petitioner does not dispute the fact that the offenses of which he was convicted are listed in the treaty.

### E.  Probable Cause that the Fugitive has Committed the Offenses

The standard of proof to find the evidence "sufficient to sustain the charge" pursuant to Section 3184 is the familiar domestic requirement of probable cause.  The court must conclude there is probable cause to believe that the crime charged by Brazil was committed and the person before the court committed it. Sindona v. Grant, 619 F.2d 167 (2d Cir. 1980) (the standard is the equivalent to that at a preliminary hearing, which is probable cause).  The evidence is sufficient and probable cause is established if a person of ordinary prudence and caution can conscientiously entertain a reasonable belief in the probable guilt of the accused.  Gerstein v. Pugh, 420 U.S. 103, 111 (1975). The Supreme Court stated in Benson v. McMahon, 127 U.S. 457, 463 (1888), that:

> the proceeding before the commissioner is not to be
> regarded as in the nature of a final trial by which
> the prisoner could be convicted or acquitted of the
> crime charged against him, but rather of the
> character of those preliminary examinations which
> take place every day in this country before an
> examining or committing magistrate for the purpose
> of determining whether a case is made out which
> will justify the holding of the accused, either by

24

imprisonment or under bail, to ultimately answer to an indictment, or other proceeding, in which he shall be finally tried upon the charge made against him.

See also Collins v. Loisel, 259 U.S. 309, 316 (1922) ("The function of the committing magistrate is to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction."); Fernandez v. Phillips, 268 U.S. 311, 312 (1925) ("Competent evidence to establish reasonable grounds is not necessarily competent evidence to convict."). Accord Afanasjev v. Hurlburt, 418 F.3d 1159, 1165 n.11 (11th Cir. 2005), cert. denied, 546 U.S. 993 (2005); Barapind v. Enomoto, 400 F.3d 744, 752 (9th Cir. 2005); Sidali v. I.N.S., 107 F.3d 191, 199 (3d Cir. 1997), cert. denied, 522 U.S. 1089 (1998).

In the case of a conviction, the court's determination that there is probable cause is based solely upon the existence of a judgment of conviction in the requesting country. See 15 U.S.T. 2039 (June 18, 1962) at Article IX; Spatola v. United States, 925 F.2d 615, 618 (2d Cir. 1991) (where "there has been a judgment of conviction [entered by a foreign court], there is no need for an 'independent' determination of probable cause: the relator's guilt is an adjudicated fact which a fortiori establishes probable cause"); Sidali v. I.N.S., 107 F.3d 191, 196 (3d Cir. 1997) (a foreign conviction obtained after a trial at which the accused is

25

present is sufficient to support a finding of probable cause for the purposes of extradition)*, cert. denied*, 522 U.S. 1089 (1998)*. In the present case, the documents filed by the government on July 18, 2012 contain a certified copy of the Court minutes, rendering the verdict which convicted the defendant of violations of Articles 12 and 14 of the Brazilian Criminal Code.  These documents are sufficient to establish the requisite probable cause to certify the Petitioner's extradition.

## IV.  CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny the Petitioner's request for an evidentiary hearing, and instead conduct a hearing pursuant to Title 18, United States Code, Section 3184.  The government's submission on July 18, 2012 on behalf of Brazil is sufficient to meet the government's burden at the hearing and certify the extradition of the fugitive to the Secretary of State for possible surrender to Brazil.  The government respectfully requests that

the Petitioner remain detained until completion of the extradition

process.


Dated: August 13, 2012
       Brooklyn, New York



                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                    UNTIED STATES ATTORNEY

                              By:

                                    _____/s/_____
                                    Amy E. Larson
                                    Special Assistant United
                                    States Attorney
                                    (718)254-7577




cc:  Clerk of the Court (via ECF)
     Michael S. Washor, Esq.


27